1   **WO**                                                                    MDR

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   Forrest Dunbar,                        )   No. CV 09-8056-PCT-SMM (MEA)
                                           )
10              Petitioner,                )   **ORDER**
                                           )
11  vs.                                    )
                                           )
12  Arizona Department of Corrections,     )
                                           )
13              Respondent.                )
    _____   )

14          On March 30, 2009, Petitioner Forrest Dunbar filed a "Writ of Habeas Corpus" and

15  paid the $5.00 filing fee.  In an April 2, 2009 Order, the Court dismissed the Petition because

16  it was not filed on the court-approved form and gave Plaintiff 30 days to file an amended

17  petition on the court-approved form.

18          On April 29, 2009, Plaintiff filed an Amended Petition under 28 U.S.C. § 2254 for a

19  Writ of Habeas Corpus by a Person in State Custody (Doc. #4).  The Court will dismiss the

20  Amended Petition for lack of jurisdiction and because the Amended Petition is premature.

21  **I.      Amended Petition**

22          Petitioner was convicted in Yavapai County Superior Court, case #CR-2003-0489 and

23  #CR-2003-1284, of forgery and leaving the scene of an accident.  He was sentenced to

24  consecutive 2.5-year terms of imprisonment.  In his Amended Petition, Petitioner names

25

26

27

28

1   former Director of the Arizona Department of Corrections Dora Schriro as Respondent[1] and

2   the Arizona Attorney General as an Additional Respondent.

3        Petitioner raises one ground for relief—"[p]ursuant to title 41 1604.10(d) [of the

4   Arizona Revised Statutes] . . . Petitioner is being held on community supervision outside the

5   legal parameters within this title." Plaintiff affirmatively states that he has not presented this

6   issue to the Arizona Court of Appeals, alleging that it is "a question of protected good time

7   credits post release."

8   **II.    Lack of Personal Jurisdiction**

9        Section 2254(a), 28 U.S.C., requires the Court to "entertain an application for a writ

10  of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court

11  **only on the ground that he is in custody in violation of the Constitution or laws or**

12  **treaties of the United States**." 28 U.S.C. § 2254(a) (emphasis added.) Petitioner does not

13  allege that he is in custody in violation of the Constitution or the laws or treaties of the

14  United States, but rather he alleges a violation of state law. Thus, the Court lacks jurisdiction

15  over this case.

16  **III.    Exhaustion of State Remedies**

17       Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust

18  remedies available in the state courts. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526

19  U.S. 838, 842 (1999). The federal court will not entertain a petition for writ of habeas corpus

20  unless each and every issue has been exhausted. Rose v. Lundy, 455 U.S. 509, 522 (1982).

21  To exhaust a claim, a petitioner must describe both the operative facts and the federal legal

22  theory so that the state courts have a "fair opportunity" to apply controlling legal principles

23  to the facts bearing on his constitutional claim. Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir.

24  2003). In cases not carrying a life sentence or death penalty, claims are exhausted once the

25

26  _____

27       [1]The Court takes judicial notice that Dora B. Schriro is no longer Director of the
    Arizona Department of Corrections (ADOC). The Court will substitute the new Director of

28  the ADOC, Charles L. Ryan, as Respondent pursuant to Rule 25(d) of the Federal Rules of
    Civil Procedure.

1  Arizona Court of Appeals has ruled on them. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th

2  Cir. 1999). The failure to exhaust subjects the Petitioner to dismissal. See Gutierrez v.

3  Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).

4      A state-court petition for post-conviction relief can be used if "[t]he person is being

5  held in custody after the sentence imposed has expired." Ariz. R. Crim. P. 32.1(d).

6  Alternatively, if the sentence imposed has not expired, a state-court petition for special action

7  may be appropriate. See Crumrine v. Stewart, 24 P.3d 1281, 1282 (Ariz. App. 2001) (noting

8  that trial court had construed a state-court petition for habeas corpus regarding the

9  application of earned release credits as a petition for special action and stating that, in order

10 to obtain special action relief, the petitioner was required to show that the Director of the

11 Arizona Department of Corrections "failed to exercise his discretion, failed to perform a duty

12 as to which he had no discretion, or abused his discretion"). Thus, Petitioner's Amended

13 Petition is premature, and the Court will dismiss it without prejudice.

14 **IT IS ORDERED:**

15     (1)    Charles L. Ryan, Director of the ADOC, is **substituted as Respondent** for

16 Dora B. Schriro pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Further

17 proceedings in this action **must name** Charles L. Ryan as Respondent.

18     (2)    Petitioner's Amended Petition for Habeas Corpus (Doc. #4) and this case are

19 **dismissed without prejudice**. The Clerk of Court must close this case and issue judgment

20 accordingly.

21     DATED this 5th day of May, 2009.

22

23

24                                          Stephen M. McNamee
                                            United States District Judge
25

26

27

28

- 3 -